HENRY L. SELF III (California State Bar No. 223153)
SELF & POWERS
1645 Vine Street, Suite 307
Los Angeles, California 90028
Telephone: (323) 487-0383
Fax: (323) 487-0384
Email: hself@selfandpowers.com
       rpowers@selfandpowers.com

MIKHAEL BORTZ (admitted pro hac vice)
BORTZ LAW FIRM, PA
4245 N. Knox Avenue
Chicago, Illinois 60641
Telephone: (800) 608-5407
Fax: (800) 608-5407
Email: mbortz@bortzlawfirm.com

Attorneys for Defendant DANIEL FUENTES, d/b/a LETHAL AMOUNTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN MOSHI, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL FUENTES, an individual doing business as LETHAL AMOUNTS,<br><br>Defendant. | Case No.: 2:18-cv-06725-DMG-JPR<br><br>**NOTICE OF RULE 12(b)(6) MOTION TO DISMISS CLAIM TO CANCEL REGISTERED TRADEMARK; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: November 9, 2018<br>Time: 9:30 A.M.<br>Ctrm: 8c, 8th Floor<br>Trial Date: Not set<br>**Honorable Dolly M. Gee** |

1

FUENTES' MOTION TO DISMISS DECLARATORY CLAIM AND TO STRIKE ALLEGATIONS

## I. Preliminary Statement

Plaintiff Lauren Moshi, LLC's ("Moshi's") claim to cancel defendant Daniel Fuentes', d/b/a Lethal Amounts' ("Fuentes'") composite mark, Trademark Registration No. 4263931 (the "LA Logo"), should be dismissed because Moshi fails to properly allege the legal elements of the claims it purports to assert. The claim purports to assert that the LA Logo is generic and/or was procured by fraud and therefore subject to cancellation (the "TM Cancellation Claim). A mark becomes generic when it comes to be understood by consumers to refer to all goods or services of the type for which it is registered. For example, "aspirin" was once a trademark of a particular pain reliever manufacturer, but over time it became the name used for an entire class of pain relievers, regardless of the identity of the manufacturer. Through that process, "aspirin" ceased functioning as a trademark and became a generic name for a type of product. In this case, Moshi has not – and, in good faith, cannot – allege that the LA Logo has become the name used for an entire class of clothing products in the way "aspirin" became the name of a type of pain reliever. Furthermore, to the extent that Moshi seeks to cancel the LA Logo on the grounds of fraudulent procurement, Moshi fails to meet the heightened pleading standards of Rule 9(b). Thus, for these reasons and for those set forth more fully below, Moshi's claim should be dismissed with prejudice.

## II. Legal Standard.

A claim seeking to cancel a trademark registration is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. *Boon Rawd Trading Intern. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 947 (N.D. Cal. 2010). The counterclaim should be dismissed if it fails to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Fraud claims are subject to the additional requirement that they "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud allegations must be pleaded with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But the Court need not accept allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

### III. Moshi's Trademark Cancellation Claim Fails to Allege the Required Material Elements of a Genericness Finding.

When consumers cease "to identify a trademark with the source of a product [or service] but instead [identify] it as a class of products [or services], regardless of source, the mark has become generic and is lost as an enforceable trademark." *Badia Spices, Inc. v. Gel Spice Co.*, 2017 U.S. Dist. LEXIS 73810 at *6 (S.D. Fla. May 15, 2017). Therefore, under the Lanham Act, a federal trademark registration may be cancelled at any time "if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered[.]" 15 U.S.C. § 1064(3) (emphasis added). Examples of former marks that have been found to have become generic include "aspirin," "escalator," "brassiere," and "cellophane." *The Freecycle Case Network, Inc. v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007) (citing 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 12:18 (2007)). The Lanham Act further provides that "the primary significance of the registered mark to the relevant public … shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used." 15 U.S.C. § 1064(3). If the term at issue is "identified with all such goods or services, regardless of their suppliers, it is generic." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005). Accordingly, "to sufficiently allege that a mark is generic, courts generally require a party to allege that consumers or the general public believe the marks are generic <u>for the kinds of product or service covered by the</u>

4

FUENTES' MOTION TO DISMISS DECLARATORY CLAIM AND TO STRIKE ALLEGATIONS

mark*." AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 960 (N.D. Cal. 2015) (emphasis added).

In this case, the federal registration for the LA Logo covers "Caps; Cloth bibs; Hats; Jackets; Shirts; Sweaters; Sweatshirts; Undershirts; Underwear." These are the registered goods (amongst other goods and services) for which Moshi uses the LA Logo to identify himself as the source. Thus, to succeed on a claim that the LA Logo is generic, Defendants would have to plead and prove that the LA Logo is understood by the relevant public to symbolize the entire class of "Caps; Cloth bibs; Hats; Jackets; Shirts; Sweaters; Sweatshirts; Undershirts; Underwear," regardless of the source of such goods. An example of the LA Logo composite mark is as follows:



Moshi's claim comes nowhere near making the allegation that the above symbol, the LA Logo, has become a generic symbol for the entire category of clothing encompassing "Caps; Cloth bibs; Hats; Jackets; Shirts; Sweaters; Sweatshirts; Undershirts; Underwear." *See*, DE 1, par.9 -15. Indeed, such an allegation would be absurd. It is very rare for a symbol to be generic. One example that the courts have

found is the "walking fingers" symbol of the phone directory. *BellSouth Corp. v. DataNational Corp.*, 60 F.3d 1565 (Fed. Cir. 1995).

Instead, Moshi obliquely references other registered composite trademarks that use safety pins *Id*. Par. 12-13. Thus, it appears that Moshi's argument is that, because other businesses have used safety pins in their composite marks, the LA Logo is now somehow magically the generic symbol for "Caps; Cloth bibs; Hats; Jackets; Shirts; Sweaters; Sweatshirts; Undershirts; Underwear." This reasoning strains credulity. It is very rare for a symbol to be generic. One example that the courts have found is the "walking fingers" symbol of the phone directory. *BellSouth Corp. v. DataNational Corp.*, 60 F.3d 1565 (Fed. Cir. 1995). That is clearly not the relationship that the L.A. Logo bears to items of clothing.

Moreover, Moshi's fixation on safety pins is not valid. The Ninth Circuit expressly prohibits the dissection of a composite mark into its component parts for the purposes of reviewing its validity. *Wrenn v. BSA*, No. C 03-04057 JSW, 2008 U.S. Dist. LEXIS 91913, at *25-26 (N.D. Cal. Oct. 28, 2008). The LA Logo, when taken as whole, is either fanciful, suggestive, or arbitrary in relation to the registered goods. For the above reason, Moshi has failed to state the required elements of a prima facie claim to cancel a trademark for genericness, and the TM Cancellation Claim, to the extent it is based on alleged genericness, must be dismissed.

### IV. Moshi Has Not, and Cannot, Meet the Heightened Pleading Standard of Rule (9)(b).

To state a prima faction cause of action for cancellation based on fraud, Moshi must meet the more exacting pleading requirements of Rule 9(b). Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). To satisfy this standard, a "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Moshi's TM Cancellation Claim conclusorily states that at the time when Fuentes registered the LA Logo, he was not using the LA Logo on all the goods listed, he knew he was not using the LA Logo on all the goods listed, and that he did so with an intent to deceive the USPTO, "in an effort to…[receive] a registration covering a larger swath of goods than were actually in use." DE 1, par. 43. There is not a single additional fact allegation regarding this alleged intent, or the results of the alleged misrepresentation. Moshi cannot just make a conclusory allegation, without more, that Mr. Fuentes made a knowing misrepresentation. *Spirit Clothing Co. v. Jerry Leigh of Cal., Inc*., No. 2:16-CV-08637-RGK-JPR, 2017 U.S. Dist. LEXIS 214945, at *11-12 (C.D. Cal. June 30, 2017) (Allegations that a defendant had knowledge of the falsity of its representations, absent a factual

context that allows the Court to draw a reasonable inference that defendant indeed knew its declarations to be false, are insufficient to state a claim."). Thus, Moshi has insufficiently pleaded misrepresentation and insufficiently pleaded knowledge. As such, Moshi has failed to state the required elements of a prima facie claim to cancel a trademark on the basis of fraudulent procurement, and the TM Cancellation Claim, to the extent it is based on alleged fraudulent procurement, must be dismissed

### V. Conclusion

For the above-stated reasons, Moshi respectfully requests that this Court enter an Order dismissing the TM Cancellation Claim.

Date: October 9, 2018　　　　　　　　BORTZ LAW FIRM, P.A.

By: _____/s/_____
　　　　MIKHAEL BORTZ

SELF & POWERS
HENRY L. SELF III
RYAN W. POWERS

Attorneys for Defendant FUENTES

NOTICE OF MOTION AND MOTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, November 9, 2018, at 9:30 A.M. or as soon thereafter as the matter may be heard by the Honorable Dolly M. Gee of the above-captioned Court, located at United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Defendant Daniel Fuentes d/b/a Lethal Amounts will, and hereby does, move to dismiss the declaratory action on copyright liability filed in the above-captioned action by Plaintiff Lauren Moshi, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction , and to strike the following paragraphs pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that the allegations contained therein are irrelevant and impertinent.

    a.  pp. 3-5, ¶ 8;

    b.  pg. 9, ¶ 17 – pg. 19, ¶ 25;

    c.  pg. 20, ¶ 29 (to the extent that ¶ 29 references a claim or controversy of copyright infringement);

    d.  pg. 21, ¶ 30 – pg. 22 ¶ 39 (to the extent these paragraphs reference a claim or controversy of copyright infringement).

FUENTES' MOTION TO DISMISS DECLARATORY CLAIM AND TO STRIKE ALLEGATIONS

1  This motion is based on this notice of motion and motion, the attached
2  memorandum of points and authorities, all records and pleadings on file in this
3  action, and all other matters that the court may consider.
4
5  Date: October 9, 2018                    BORTZ LAW FIRM, P.A.
6
7                                            By: _____/s/_____
8                                                  MIKHAEL BORTZ
9                                            SELF & POWERS
10                                           HENRY L. SELF III
                                             RYAN W. POWERS
11
12                                           Attorneys for Defendant FUENTES
13
14
15
16
17
18
19
20
21
22
23
24                                             10
25  FUENTES' MOTION TO DISMISS DECLARATORY CLAIM AND TO STRIKE ALLEGATIONS