1  MICHAEL C. BAUM (SBN 65158)
   E-Mail: mbaum@rpblaw.com
2  ANDREW V. JABLON (SBN 199083)
   E-Mail: ajablon@rpblaw.com
3  RESCH POLSTER & BERGER LLP
   1840 Century Park East, 17th Floor
4  Los Angeles, California 90067
   Telephone: 310-277-8300
5  Facsimile: 310-552-3209

6
   Attorneys for Plaintiff and Counterclaim
7  Defendant Lauren Moshi, LLC,

8            **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 LAUREN MOSHI, LLC., a California          Case No. 2:18-cv-06725-DMG-JPR
12 limited liability company,
                                            **NOTICE OF MOTION AND**
13          Plaintiff,                       **MOTION OF LAUREN MOSHI,**
                                            **LLC TO DISMISS AND STRIKE**
14     vs.                                   **PORTIONS OF THE *AMENDED***
                                            ***COUNTERCLAIMS, ANSWER AND***
15 DANIEL FUENTES, an individual            ***AFFIRMATIVE DEFENSES* [DKT.**
   doing business as both LETHAL            **47] PURSUANT TO FED. R. CIV. P**
16 AMOUNTS and LETHAL AMOUNTS               **12(b)(6) and 12(f); MEMORANDUM**
   GALLERY; and DOES 1-10, inclusive,       **OF POINTS AND AUTHORITIES**
17                                          **IN SUPPORT THEREOF**
            Defendants.
18 _____          *Filed Concurrently with Declaration of*
                                            *Andrew V. Jablon and Request for*
19 DANIEL FUENTES, an individual            *Judicial Notice*
   doing business as both LETHAL
20 AMOUNTS,                                 Trial Date:        September 29, 2020

21          Counterclaimant,                **Hearing**
                                            Date: November 8, 2019
22     vs.                                   Time: 9:30 a.m.
                                            Ctrm: 8C
23 LAUREN MOSHI, LLC; MICHAEL
   MOSHI, an individual,; LAUREN
24 MOSHI, an individual; and ROES 1-10,
   inclusive,
25
            Counterclaim Defendants.
26 _____

27

28

706051.4

*RESCH POLSTER & BERGER LLP* (vertical, left margin)

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE THAT** on November 8, 2019, at 9:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dolly M. Gee, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Plaintiff and Counterclaim Defendant Lauren Moshi, LLC ("**Counterclaim Defendant**" or "**Moshi**")[1] will and hereby do move this Court to:

    1.   Dismiss the First and Second Claims For Relief in the Amended Counterclaims, Answer And Affirmative Defenses (the "**Counterclaim and Answer**") [Dkt. 47] of Defendant of Counterclaimant Daniel Fuentes' ("**Counterclaimant**" or "**Fuentes**"), as they lack sufficient facts to set forth a claim for Relief;

    2.   Dismiss those damage claims of the Third Claim for Relief that are barred as a matter of law;

    3.   Dismiss the Third Claim for Relief in its entirety, as Counterclaimant has failed to allege his standing to sue; and

    4.   Dismiss the Fourth Claim for Relief as the Counterclaim fails to properly set forth sufficient facts to set forth a claim for relief.

    Further, the Counterclaim Defendant seeks an Order Striking from the Counterclaim and Answer the First, Third and Fourth Affirmative Defenses, as those affirmative defenses are legally infirm.

    This Motion is made pursuant to: (a) Rule 12(b)(6) of the Federal Rules of Civil Procedure; (b) Rule 12(f) of the Federal Rules of Civil Procedure; and (c) those basis

---

[1] The *Amended Counterclaims, Answer and Affirmative Defenses* [Dkt. 47] purports to name Michael and Lauren Moshi as defendants in their individual capacities. As of the filing of this Motion, however, a summons has not issued with respect to the Counterclaim, nor has either individual been served or agreed to appear. When and if a summons is issued and they are served, Michael and Lauren Moshi will file responsive pleadings.

RESCH POLSTER & BERGER LLP

set forth in the accompanying Memorandum of Points and Authorities.

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Andrew V. Jablon, all other pleadings and records on file in this action, and upon such other oral and documentary argument and evidence as may be presented at or before the time of hearing.

Pursuant to Rule 7-3 of the Local Rules for the United States District Court, Central District of California, the parties met and conferred regarding this Motion on August 29, 2019.  (Declaration of Andrew V. Jablon, ¶ 2.)

DATED:  October 4, 2019          RESCH POLSTER & BERGER LLP


By:  _/S/ Andrew V. Jablon_
          ANDREW V. JABLON
     Attorneys for Plaintiff and Counterclaim
     Defendant Lauren Moshi, LLC

706051.4

3

## **TABLE OF CONTENTS**

Page

I.   INTRODUCTION AND SUMMARY OF RELEVANT FACTS ................. 10

II.  ARGUMENT ........................................................................... 14

   A.   Applicable Legal Standard................................................ 14

      1.   Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ........... 14

      2.   Motion to Strike pursuant to *Fed. R. Civ. P.* 12(f) ................. 15

   B.   The First And Second Claims For Relief Fail As A Matter Of Law ................................................................................ 16

   C.   The Third Claim for Relief (Unfair Business Practices) ..................... 19

      1.   The Third Claim For Relief Seeks An Improper Measure Of Damages ............................................................ 19

         (a)   Restitutionary Damages Are Unavailable ........................ 20

         (b)   Compensatory Damages Are Unavailable ...................... 21

         (c)   Punitive Damages Are Unavailable ................................ 21

      2.   Fuentes Lacks Standing To Bring A UCL Claim...................... 22

   D.   The Fourth Claim For Relief (Trademark Dilution) Is Improperly Pled.............................................................. 23

   E.   The First, Third and Fourth Affirmative Defenses Are Not Well Pled.............................................................. 26

      1.   The First and Fourth Affirmative Defenses Are Argumentative Denials ............................................... 26

      2.   The Third Affirmative Defense Fails To Include Any Supporting Facts (And Appears Nonsensical On Its Face)........27

III. CONCLUSION ........................................................................ 29

RESCH POLSTER & BERGER LLP

706051.4

4

RESCH POLSTER & BERGER LLP

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11–cv–01846–LHK, 2012 WL 2571719 (N.D.Cal. June 30, 2012) ........................................................................................................ 26

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................ 15, 16, 29

*Ashcroft, Inc. v. Cyberlink Corp.*,
  153 F.Supp.3d 1057 (N.D. Cal. 2015) ............................................ 24, 25

*Avery Dennison Corp. v. Sumpton*,
  189 F.3d 868 (9th Cir.1999) ................................................................. 26

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ............................................................... 15

*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955 (2007) ............................................................ 16, 25, 29

*Brown v. Elec. Arts, Inc.*,
  724 F.3d 1235 (9th Cir. 2013) ............................................................. 18

*Cabin Foods, LLC v. Rich Prod. Corp.*,
  No. EP-11-CV-318-KC, 2012 WL 433115 (W.D. Tex. Feb. 8, 2012) ............... 30

*Cholla Ready Mix, Inc. v. Civish*,
  382 F.3d 969 (9th Cir. 2004) ............................................................... 16

*Coach Servs., Inc. v. Triumph Learning LLC*,
  668 F.3d 1356 (Fed. Cir. 2012) ........................................................... 27

*Conley v. Gibson*,
  355 U.S. 41 (1957) ............................................................................... 29

*Dreamwerks Prod. Grp., Inc. v. SKG Studio*,
  142 F.3d 1127, 1129 (9th Cir. 1998) .............................................. 17, 19

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993), *rev'd,* 510 U.S. 517 (1994) ................. 16

RESCH POLSTER & BERGER LLP

*Fitbug Ltd. v. Fitbit, Inc.*,
   78 F.Supp.3d 1180 (N.D. Cal. 2015)................................................................24

*Footbalance System Inc. v. Zero Gravity Inside, Inc.*,
   2017 WL 3877720 (S.D. Cal. 2017)................................................................29

*Freecycle Network, Inc. v. Oey*,
   505 F.3d 898 (9th Cir.2007).............................................................................17

*Fruit of the Loom, Inc., v. Girouard*,
   994 F.2d 1359 (9th Cir.1993)...........................................................................27

*Gonzalez v. Heritage Pac. Fin., LLC*,
   No. 2:12–cv–01816–ODW, 2012 WL 3263749 (C.D. Cal. Aug. 8,
   2012)................................................................................................................29

*Gonzalez v. Preferred Freezer Servs., LBF, LLC*,
   No. CV 12–3467 ODW (FMO), 2012 WL 2602882 (C.D. Cal. July
   5, 2012)...........................................................................................................29

*Groupion, LLC v. Groupon, Inc.*,
   859 F.Supp.2d 1067 (N.D. Cal. 2012).............................................................23

*Heller Fin., Inc. v. Midwhey Powder Co.*,
   883 F.2d 1286 (7th Cir. 1989)..........................................................................16

*Herd v. County of San Bernardino*,
   311 F.Supp.3d 1157 (C.D. Cal. 2018)..............................................................20

*Int'l Order of Job's Daughters v. Lindeburg & Co.*,
   633 F.2d 912 (9th Cir.1980).............................................................................17

*Jada Toys, Inc. v. Mattel, Inc.*,
   518 F.3d 628 (9th Cir. 2008).......................................................................24, 25

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*,
   998 F. Supp. 2d 890 (C.D. Cal. 2014)..............................................................17

*LF Centennial Ltd. v. Inovex Furnishings Corp.*,
   No. CV1705824ABMRWX, 2017 WL 9486124 (C.D. Cal. Dec. 14,
   2017)...........................................................................................................28, 29

*Luxul Tech. Inc. v. Nectarlux, LLC*,
   78 F.Supp.3d 1156 (N.D. Cal. 2015)................................................................17

*Mattel, Inc. v. MCA Records, Inc.*,
    296 F.3d 894 (9th Cir.2002) ........................................................ 14, 18

*Murray v. Cable Nat. Broad. Co.*,
    86 F.3d 858 (9th Cir. 1996), *as amended* (Aug. 6, 1996) ................................. 18

*Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*,
    319 F.Supp.2d 1059 (C.D. Cal. 2003) .................................................... 21

*Nissan Motor Co. v. Nissan Comput. Corp.*,
    378 F.3d 1002 (9th Cir.2004) ........................................................... 26

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
    165 F.Supp.3d 937 (S.D. Cal. 2016) .................................................... 18

*Pinterest, Inc. v. Pintrips, Inc.*,
    140 F.Supp.3d 997 (N.D. Cal. 2015) ................................................. 25, 27

*Pom Wonderful LLC v. Welch Foods, Inc.*,
    No. CV 09-567 AHM (AGRx) (C.D. Cal. Nov. 18, 2010) ................................... 24

*Powertech Tech., Inc. v. Tessera, Inc.*,
    No. C 10–945 CW, 2012 WL 1746848 (N.D. Cal. May 16, 2012) ......................... 29

*Quintana v. Baca*,
    233 F.R.D. 562 (C.D.Cal.2005) .......................................................... 28

*Rivertree Landing LLC v. Murphy*,
    246 F.R.D. 667 (N.D. Ill. 2007) ........................................................ 28

*Rodeo Collection, Ltd. v. West Seventh*,
    812 F.2d 1215 (9th Cir.1987) ..................................................... 17, 18, 19

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir.1989) ....................................................... 14, 18, 19

*Ross v. Morgan Stanley Smith Barney, LLC*,
    No. 2:12–cv–09687–ODW, 2013 WL 1344831 (C.D. Cal. Apr. 2, 2013) .............................................. 29

*State of Cal. ex rel. State Lands Comm'n v. United States*,
    512 F.Supp.36 (N.D. Cal. 1981) ......................................................... 16

RESCH POLSTER & BERGER LLP

706051.4

7

RESCH POLSTER & BERGER LLP

*Stewart Surfboards, Inc v. Disney Book Grp., LLC*,
  No. CV 10-2982 GAF (SSX), 2011 WL 12877019 (C.D. Cal. May
  11, 2011) ........................................................................................................ 19

*Sturm v. Rasmussen*,
  No. 18-CV-01689-W-BLM, 2019 WL 626167 (S.D. Cal. Feb. 14,
  2019) ............................................................................................................... 20

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
  933 F.Supp. 918 (C.D. Cal. 1996) ................................................................. 17

*Thane Int'l, Inc. v. Trek Bicycle Corp.*,
  305 F.3d 894 (9th Cir.2002) .......................................................................... 25

*Velez v. Longhorn Steaks & Darden Rests., Inc.*,
  Case No.12-cv-4857 (N.D. Ill., September 10, 2012) .................................... 28

*Vogel v. Huntington Oaks Delaware Partners, LLC*,
  291 F.R.D. 438 (C.D. Cal. 2013) ............................................................. 28, 29

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ......................................................................... 20

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ......................................................................... 29

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir.2002) ........................................................................ 28

**California Cases**

*Bank of the West v. Superior Court*,
  2 Cal.4th 1254 (1992) .................................................................................... 22

*Citizens of Humanity v. Costco Wholesale Corp.*,
  171 Cal.App.4th 1 (2009) .............................................................................. 24

*City of Los Angeles v. Superior Court*,
  29 Cal.4th 1 (2002) ........................................................................................ 21

*Clark v. Superior Court*,
  50 Cal.4th 605 (2010) .................................................................................... 22

*Cortez v. Purolator Air Filtration Prod. Co.*,
  23 Cal.4th 163 (2000) .................................................................................... 22

RESCH POLSTER & BERGER LLP

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134 (2003) ....................................................................21, 22

*Kraus v. Trinity Mgmt. Servs., Inc.*,
  23 Cal. 4th 116 (2000) ...........................................................................21

*Kwikset Corp. v. Super. Ct.*,
  51 Cal.4th 310, 120 Cal.Rptr.3d 741, 246 P.3d 877 (Cal.2011) ..........24

*In re Tobacco II Cases*,
  46 Cal.4th 298, 93 Cal.Rptr.3d 559, 207 P.3d 20 (Cal.2009) ..............24

**Federal Statutes**

15 U.S.C.
  § 1114 ................................................................................17, 18, 19
  § 1125(a) ...................................................................................18, 19
  § 1125(a)(1)(A) (Lanham Act § 43(a)(1)(A)) .................................17, 24
  § 1125(c)(2)(A) .................................................................................26

17 U.S.C.
  § 102 .................................................................................................19

**California Statutes**

Cal. Bus. & Prof. Code
  § 14247 ...........................................................................................24
  § 17200 ............................................................................................19
  § 17204 .......................................................................................14, 23

**Other Authorities**

Fed. R. Civ. P. 8 ...........................................................................................16

Fed. R. Civ. P. 12(b)(6) ....................................................................15, 20, 21

Fed. R. Civ. P. 12(f) ..............................................................................16, 20

Fed. R. Civ. P. 56 .........................................................................................20

RESCH POLSTER & BERGER LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF RELEVANT FACTS

The *Amended Counterclaims, Answer And Affirmative Defenses* ("**Counterclaim**" or "**FACC**") of defendant and counterclaimant Daniel Fuentes ("**Fuentes**" or "**Counterclaimant**") is replete with ad hominem attacks and unsupportable hyperbole (e.g., that his claimed mark is "famous"), but lacks the requisite facts to support any of the claims for relief stated therein.  Moreover, the central alleged facts – that Lauren Moshi, LLC ("**Moshi**" or "**Counterclaim Defendant**") sold less than 220 shirts bearing a design that allegedly incorporates Fuentes' claimed Trademark – only serves to evidence that Fuentes' claims fail as a matter of law.

Fuentes has registered as a trademark an image of two (2) common safety pins configured into the letters L and A (the "**Pin Mark**").  The Pin Mark is the following:



Fuentes' Registration expressly <u>disclaims the text "LA"</u>  (Request for Judicial Notice ("**RJN**") Exh. 1), which are formed by safety pins in the same fashion as the Los Angeles Dodgers' Trademark, which has been used in commerce since April, 1958. (RJN, Exh. 2).  The Los Angeles Dodgers' logo, recognizable throughout California and around the world, is the following:



Moshi is a garment manufacturer, who also operates its eponymous retail store in Beverly Hills.  Moshi has been in business since 2005, years prior to Fuentes starting his art gallery.  Moshi, however, is not your typical garment manufacturer.  Most garment manufacturers will purchase a print design and then attempt to sell as many garments as possible with that design.  Moshi takes a broader view of its brand, creating a demand for its products by creating unique pieces of art that are meticulously crafted in limited quantities.

Much like a lithograph serves as an embodiment of an original painting, each Moshi garment is an embodiment of the original artwork, created by one of its owners, Lauren Moshi, such that each garment serves as the canvas by which the original artwork is displayed.  Moshi has developed a distinctive brand and a particular "look and feel" to its original artwork and designs.  As part of this "look and feel", among the distinctive elements Moshi uses in many of its original pieces are: (1) skulls; and (2) its trademarked Lauren Moshi script "signature" (Registration Nos. 4738967).  (RJN, Exh. 3.)

The garments at issue here, in fact (the "**Challenged Garments**") bear an original design incorporating safety pins forming the initials of Los Angeles (i.e., "LA"), *and* utilizing both skulls (in lieu of traditional "heads" of safety pins) and Moshi's trademarked Lauren Moshi signature (the "**Moshi Skull Pins Design**").  The Moshi Skull Pins Design, and the enlarged skull pin-head, follow:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**<u>Moshi Skull Pins Design</u>**  **<u>Close-Up of Pin-Head and Signature</u>**




The Challenged Garments incorporating these images are as follows:




RESCH POLSTER & BERGER LLP

Fuentes has asserted that Moshi's sale and offering for sale its expressive work – the shirts bearing the Moshi Skull Pins Design – infringes upon his claimed trademark.[2] (FACC, Claims for Relief Nos. 1 and 2). Further, has Fuentes asserted that such purported trademark infringement not only constitutes unfair business practices, but that it also has resulted in dilution of his "famous" mark. (*Id.*, Claims for Relief No. 3 and 4). As detailed below, each of these claims are improperly pled and/or fail as a matter of law. Specifically:

1. The First and Second Claims for Relief (Trademark Infringement): Fuentes' claims fail the test laid out in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir.1989), and adopted by the Ninth Circuit in *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir.2002), as to expressive works, in that the alleged use of the Pin Mark is artistically relevant and, even if only partially artistically relevant, cannot plausibly be alleged – in light of, among other things, the incorporation of the Lauren Moshi Signature – to explicitly mislead as to the source of the garments. (Section II(B), *infra*.)

2. The Third Claim for Relief (Unfair Business Practices): Fuentes Unfair Business Practices claim fails, both because the underlying predicate acts are not actionable (as per the *Rogers* test), and because he has failed to allege proper standing under *Cal. Bus. Prof.* § 17204, as his FACC contains no factual allegations of lost money or property as a result of the alleged unfair competition.

Moreover, the FACC includes improper measures of damages that are subject to being stricken. (Section II(C), *infra*)

3. The Fourth Claim for Relief (Trademark Dilution): Fuentes' Fourth Claim for Relief fails, as he has not alleged sufficient facts (nor can he plausibly do so) to support the notion that the Pin Mark is "famous". Moreover, even

---

[2] As addressed in Plaintiff's Complaint, Plaintiff asserts that Fuentes' Trademark is invalid and subject to cancellation.

if the Pin Mark were famous, the images attached to the Counterclaim confirm that they are not identical or substantially identical, such that any dilution claim fails as a matter of law.  (Section II(D), *infra.*)

Finally, the Counterclaim includes Fuentes' Answer to the Complaint and his affirmative defenses asserted in response thereto.  However, his First, Third and Fourth Affirmative Defenses are argumentative denials and/or fail to include the necessary facts to set forth a viable affirmative defense.  They are, therefore, subject to be stricken or dismissed.  (Section II(E) *infra*)

## II.   ARGUMENT

### A.   Applicable Legal Standard

#### 1.   Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required to dismiss a claim in "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–1950 (2009) (internal cites omitted).

RESCH POLSTER & BERGER LLP

"Threadbare recitals of the elements of a claim for relief, supported by mere conclusory statements, do not suffice [. . .]  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.  Moreover, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  As the Supreme Court explained in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), for a plaintiff to "provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 556.

### 2.   Motion to Strike pursuant to *Fed. R. Civ. P.* 12(f)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd*, 510 U.S. 517 (1994).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc.*, 984 F.2d at 1527.

Although motions to strike are often disfavored, where granting the motion may make trial less complicated, or otherwise streamline the ultimate resolution of the action, the motion is well taken.  *State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F.Supp.36, 38 (N.D. Cal. 1981).  As a result, the Court is also authorized to strike <u>affirmative defenses</u> that fail to conform with pleading requirements.  *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

/ / /

/ / /

**B.** **The First And Second Claims For Relief Fail As A Matter Of Law**

Fuentes' first two claims for relief are identical, and appear to have only been pled in the alternative in the event that his mark is deemed invalid. Nonetheless, both claims fail as a matter of law.

> To establish a claim for either trademark infringement or
> false designation of origin under § 43(a)(1)(A), 15 U.S.C. §
> 1125(a)(1)(A), a plaintiff must prove that the defendant (1)
> used in commerce (2) any word, false designation of origin,
> false or misleading description, or representation of fact,
> which (3) is likely to cause confusion or mistake, or to
> deceive, as to sponsorship, affiliation, or the origin of the
> goods or services in question. *See Freecycle Network, Inc.
> v. Oey*, 505 F.3d 898, 902–04 (9th Cir.2007); see also *Int'l
> Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d
> 912, 917 (9th Cir.1980).

*Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F.Supp.3d 1156, 1170 (N.D. Cal. 2015). *See also*, *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F.Supp.918, 928 (C.D. Cal. 1996). The same standard applies for a claim under 15 U.S.C. § 1114. *See Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F.Supp.2d 890, 897 (C.D. Cal. 2014).

Fundamentally, "[t]he test for likelihood of confusion is whether a '**reasonably prudent consumer**' in the marketplace is likely to be confused as to the origin of the good or service." *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). As such,

> A likelihood of confusion exists when a consumer viewing
> a service mark is likely to purchase the services under a
> mistaken belief that the services are, or associated with, the
> services of another provider. *Rodeo Collection, Ltd. v. West*

RESCH POLSTER & BERGER LLP

1       *Seventh*, 812 F.2d 1215, 1217 (9th Cir.1987). The confusion

2       must "be probable, not simply a possibility." *Id.*

3   *Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858, 861 (9th Cir. 1996), *as amended* (Aug.

4   6, 1996).  *See also*, *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165

5   F.Supp.3d 937, 949 (S.D. Cal. 2016).

6       Critically, and fatal to these claims for relief, claims based on the "affiliations

7   and endorsements" prongs of 15 U.S.C. § 1114 and 1125(a) are limited where the

8   allegedly infringing goods involve an expressive work.

9       Section 43(a) protects the public's interest in being free

10      from    consumer    confusion    about    affiliations    and

11      endorsements, but this protection is limited by the First

12      Amendment, particularly if the product involved is an

13      expressive work. Recognizing the need to balance the

14      public's First Amendment interest in free expression against

15      the public's interest in being free from consumer confusion

16      about affiliation and endorsement, the Second Circuit

17      created the "*Rogers* test" in *Rogers v. Grimaldi*, 875 F.2d

18      994 (2d Cir.1989). Under the Rogers test, § 43(a) will **not**

19      be applied to expressive works "unless the [use of the

20      trademark or other identifying material] has **no** artistic

21      relevance to the underlying work whatsoever, **or**, if it has

22      some artistic relevance, unless the [use of trademark or

23      other identifying material] **explicitly misleads** as to the

24      source or the content of the work." *Id*. at 999. We adopted

25      the *Rogers* test in *Mattel, Inc. v. MCA Records, Inc.*, 296

26      F.3d 894 (9th Cir.2002).

27  *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013) (emphasis added).

28  "The Ninth Circuit has made clear that the Rogers test applies to claims of false

RESCH POLSTER & BERGER LLP

endorsement under 15 U.S.C. § 1125(a), to trademark infringement claims under 15 U.S.C. § 1114, and to state-law unfair competition claims under California Business and Professions Code section 17200." *Stewart Surfboards, Inc. v. Disney Book Grp., LLC*, No. CV 10-2982 GAF (SSX), 2011 WL 12877019, at *8 (C.D. Cal. May 11, 2011)

In applying the *Rogers* test, Plaintiff's infringement claims fails as a matter of law under either prong. First, there can be no dispute that the use of the safety pins in the shape of "LA" has artistic relevance to the challenged design. The Moshi Skull Pins Design itself is used as the principal embellishment on garments (and not as a source designator). There is no question that the use is expressive. In fact, the Moshi Skull Pins Design is copyrighted (VA 2-104-704; RJN, Exh. 4), such that it has already been found by the US Copyright Office to be an expressive work. 17 U.S.C. § 102 ("Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression…Works of authorship include. . .(5) pictorial, graphic, and sculptural works…").

Of course, even if the use of safety pins forming the letters "LA" had only *some* artistic relevance, the claim still fails as a matter of law since the Moshi Skull Pins Design:

1.   expressly incorporates the Lauren Moshi Signature Trademark; and

2.   is used on clothing bearing Lauren Moshi labels and hangtags.

(Complaint, ¶ 18; FACC, ¶ 9.) Not only does this mean that Fuentes cannot demonstrate the requisite probability that a "reasonably prudent consumer" would be confused (*Dreamwerks Production Group, Inc.*, 142 F.3d at 1129; *Rodeo Collection, Ltd.*, 812 F.2d at 1217), but Fuentes also cannot claim that the Moshi Skull Pins Design **"explicitly mislead[s]"**. The claim, therefore, fails as a matter of law.

/ / /

/ / /

RESCH POLSTER & BERGER LLP

C.     **The Third Claim for Relief (Unfair Business Practices)**

    1.     **The Third Claim For Relief Seeks An Improper Measure Of Damages**

Although improper prayers for damages are not subject to be stricken under Fed. R. Civ. Pro. 12(f), they may, nonetheless, be disposed of by way of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) where improper as a matter of law.  *See, Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law", but Rule 12(b)(6) or Rule 56 is better suited where a party "attempt[s] to have certain portions of [plaintiff's] complaint dismissed." *Id.* at 974; *Sturm v. Rasmussen*, No. 18-CV-01689-W-BLM, 2019 WL 626167, at *3 (S.D. Cal. Feb. 14, 2019) (Following other "district courts [that] interpret Whittlestone narrowly as authorizing a motion to dismiss a damage prayer only where defendant contends the damages are precluded as a matter of law."; and citing to, *inter alia*, *Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1165–66 (C.D. Cal. 2018) (distinguishing *Whittlestone* because defendant argued damages were immaterial and impertinent, not barred as a matter of law).

    Here, in connection with the Third Claim for Relief (Unfair Business Practices), Counterclaimant seeks, *inter alia*,

> . . .(c) restitution of Counter-Defendants' profits earned from its unauthorized use of the LA Logo or any mark, name, symbol, or logo confusingly similar thereto, in which profits Fuentes has a vested interest; (d) the award of Counter-Defendants' unjust profits, as well as sums sufficient to compensate Fuentes for all harm suffered as a result of Counter-Defendant's conduct; and (e) punitive damages.

(FACC, 19:20-20:3.)  None of these prayed for damages are available as a matter of

RESCH POLSTER & BERGER LLP

1    law, and each may be properly stricken under Fed. R. Civ. P. 12(b)(6).

2    **(a)**     **Restitutionary Damages Are Unavailable**

3     Fuentes improperly prays for "restitution of Counter-Defendants' profits

4    earned from its unauthorized use of the LA Logo or any mark, name, symbol, or logo

5    confusingly similar thereto, in which profits Fuentes has a vested interest." (FACC,

6    ¶ 19.)   The "object of restitution is to restore the status quo by returning to the

7    [claimant] funds in which he or she has an ownership interest." (*Korea Supply Co. v.*

8    *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003).) An authorized order for

9    restitutionary disgorgement under the statute is one "compelling a UCL defendant to

10   return money obtained through an unfair business practice to those persons in interest

11   from whom that property was taken, that is, <u>to person who had an ownership interest</u>

12   <u>in the property of those claiming through that person</u>." *Kraus v. Trinity Mgmt. Servs.,*

13   *Inc.*, 23 Cal. 4th 116, 127–128 (2000) (emphasis added). A UCL plaintiff can seek

14   restitutionary disgorgement only if it satisfies one of two restitution "tests": (1) the

15   plaintiff has an ownership interest in and possessed the property before giving it to

16   the defendant (a "possessory ownership interest"), or (2) the plaintiff did not possess

17   the property, but has a vested ownership interest in it (a "non-possessory but vested

18   ownership interest"). *See Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*,

19   319 F. Supp. 2d 1059, 1092–1093 (C.D. Cal. 2003), *on reconsideration in part* (June

20   5, 2003), citing *Korea Supply Co.*, 29 Cal. 4th at 1149.

21    Under the first test, Fuentes has not pled, nor can he, that he owned money or

22   property turned over to Counterclaim Defendants as a result of their alleged unfair

23   business practice. *City of Los Angeles v. Superior Court*, 29 Cal.4th 1, 1149 (2002).

24   In short, he is not seeking the return of money or property once in his possession. *Id.*

25   As such, "[a]ny award that plaintiff would recover from defendants would not be

26   restitutionary as it would not replace any money or property that defendants took

27   directly from plaintiff." *Id.*

28

RESCH POLSTER & BERGER LLP

Additionally, Fuentes is not entitled to relief under the second UCL test because he did not have a vested interest in the subject goods or funds received from their sale. Absent from the FACC are any facts that show Fuentes has ever, or could ever, anticipate direct payments from Defendants, or any of them. Moreover, the FACC pleads no quantifiable sums that Defendants currently owe to Fuentes. *See Korea Supply Co.*, 29 Cal.4th at 1150. Instead, at best, Fuentes seeks damages resulting from <u>potential</u> customers choosing Lauren Moshi, LLC's products over his products. Accordingly, the monetary relief sought "does not represent a quantifiable sum owed by defendants to plaintiff. Instead, it is a contingent expectancy of payment from a third party." *Id.* This is not the equitable restitution the UCL makes available; it is damages. *See Korea Supply Co.*, 29 8 Cal.4th at 1150 ("[c]ompensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims").

### (b)    <u>Compensatory Damages Are Unavailable</u>

UCL actions are equitable in nature, and thus compensatory monetary damages are unavailable as a matter of law. *See Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1266 (1992); *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal.4th 163, 173 (2000) ("[a] UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices. It is not an all-purpose substitute for a tort or contract action. Damages are not available under section 17203.") Thus, the UCL precludes Counterclaimant's prayer for "Counter-Defendants' unjust profits, as well as sums sufficient to compensate Fuentes for all harm suffered as a result of Counter-Defendant's conduct". *See Korea Supply Co.*, 29 Cal. 4th at 1152.

### (c)    <u>Punitive Damages Are Unavailable</u>

Finally, the request for punitive damages is improper as a matter of law. *See Korea Supply Co.*, 29 Cal. 4th at 1148; *Clark v. Superior Court*, 50 Cal. 4th 605, 610

1   (2010) (holding that "damages, including punitive damages and increased or
2   enhanced damages" are not recoverable).   During the meet and confer process,
3   Fuentes acknowledged that punitive damages are unavailable for a statutory claim of
4   unfair business practices, claiming instead that he is seeking such relief under a
5   <u>common law</u> claim for unfair business practices.  (Jablon Decl., ¶ 3.)  "Although under
6   some circumstances, punitive damages may be recoverable under a California
7   <u>common law</u> claim, in California common law unfair competition claims are limited
8   to cases in which a party passes off their goods as another."   *Groupion, LLC v.*
9   *Groupon, Inc.*, 859 F.Supp.2d 1067, 1083 (N.D. Cal. 2012) (emphasis added).   As
10   discussed above, and as the FACC acknowledges, the Moshi Skull Pins Design uses
11   a prominent original design of a skull heads <u>and</u> Lauren Moshi, LLC's trademarked
12   signature on garments labeled with the Lauren Moshi name, meaning any claim of
13   "passing off" fails on the face of the Counterclaim.   There simply is no plausible
14   argument, let alone facts alleged, to support punitive damages under a common law
15   tort of unfair competition.

### 2.   Fuentes Lacks Standing To Bring A UCL Claim

17        In order to have standing to bring a claim for unfair business practices, a
18   putative plaintiff must have "suffered injury in fact and ha[ve] lost money or property
19   as a result of the unfair competition."   Cal. Bus. & Prof. Code § 17204.   Here,
20   however, Fuentes has provided only the conclusory assertion that the acts of Cross-
21   Defendants, "have injured and will continue to injure Fuentes financially and
22   irreparably, for which no remedy at law exists. The injury to Fuentes includes harm
23   to the LA Logo, goodwill, and reputation in the marketplace that money cannot
24   compensate." (FACC, ¶ 52.)  This allegation is insufficient as a matter of law.

25        Because a UCL or FAL plaintiff must demonstrate an
26        economic   injury   and   demonstrate   that   "the
27        misrepresentation was an immediate cause" of the injury
28        suffered, standing under the UCL and FAL is "substantially

1    narrower than federal standing under [A]rticle III." *In re*

2    *Tobacco II Cases*, 46 Cal.4th 298, 326, 93 Cal.Rptr.3d 559,

3    207 P.3d 20 (Cal.2009) (internal citation and quotation

4    marks omitted); see also *Kwikset Corp. v. Super. Ct.*, 51

5    Cal.4th 310, 323–24, 120 Cal.Rptr.3d 741, 246 P.3d 877

6    (Cal.2011).

7  *Fitbug Ltd. v. Fitbit, Inc.*, 78 F.Supp.3d 1180, 1196 (N.D. Cal. 2015).

8       Fuentes, therefore, in order to bring a claim under the UCL, was required to

9  plead an economic loss that was "concrete and particularized" and "actual or

10  imminent," not "conjectural or hypothetical." *Kwikset Corp. v. Superior Court, 51*

11  *Cal.4th 310, 322 (2011)*.  Fuentes has not alleged restitutionary damages (See Section,

12  II(C)(1)(a), *supra*).  Rather, the only damages Fuentes articulates is supposed harm to

13  the goodwill associated with the mark.  Harm to goodwill of a mark, however, does

14  not constitute an allegation of "concrete and particularized" actual damages.  *See*,

15  *Citizens of Humanity v. Costco Wholesale Corp.*, 171 Cal.App.4th 1, 22 (2009)

16  (competitor's alleged harm to its goodwill does not constitute a "loss of money or

17  property as a result of unfair competition sufficient to confer standing[.]")  *See also,*

18  *Pom Wonderful LLC v. Welch Foods, Inc*., No. CV 09-567 AHM AGRX, 2009 WL

19  5184422, at *3 (C.D. Cal. Dec. 21, 2009) (following *Citizens of Humanity* and noting

20  that non-restitutionary damages alone are insufficient to afford standing under the

21  UCL).  Fuentes, therefore, has failed to allege standing to bring his UCL claim.

22

23       **D.       The Fourth Claim For Relief (Trademark Dilution) Is Improperly**

24            **Pled**

25       Counterclaimant's Fourth Claim alleges Trademark Dilution under Cal. Bus.

26  & Prof. Code § 14247.  Although the dilution claim has been asserted under California

27  state law, the analysis is the same as under the Lanham Act.  *See Jada Toys, Inc. v.*

28  *Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008); *Ashcroft, Inc. v. Cyberlink Corp.*, 153

RESCH POLSTER & BERGER LLP

F.Supp.3d 1057, 1064-1065 (N.D. Cal. 2015).  Accordingly, in order to prevail on its dilution claims, the Counterclaim must allege facts supporting the essential elements that "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Id.*; *Jada Toys,* 518 F.3d at 634.  Further, while

> neither federal nor California state law requires a showing of competition or likelihood of confusion to succeed on a dilution claim, the plaintiff must establish that "the mark used by the alleged diluter [is] **identical, or nearly identical**, to the protected mark" in order to satisfy the second element of the dilution analysis. [*Jada Toys*, 518 FV.3d at 634] (quoting *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905 (9th Cir.2002)).

*Pinterest, Inc. v. Pintrips, Inc.*, 140 F.Supp.3d 997, 1031 (N.D. Cal. 2015) (emphasis added).

Here, the claim fails in several respects.  First, although making the bald assertion that Fuentes's mark is "famous", the FACC fails to plead sufficient facts to establish as much. The conclusory assertion that the "LA Logo is famous throughout Los Angeles and well into other parts of California as a source identifier for goods and services associated with Fuentes and Lethal Amounts" (Counterclaim, 19:5-8) is insufficient under *Twombly* and its progeny.  "Given the high burden that a plaintiff faces in establishing that its mark is sufficiently famous to support a dilution claim, [the claimant] must plead more than conclusory assertions of fame to survive a motion to dismiss: it must plead facts that support a plausible inference that its mark qualified as a household name. . ." *Ashcroft*, 153 F.Supp.3d at 1065.

FACC has not, and cannot allege that Fuentes's mark is a "household name," the only scenario under which Federal and California law extends dilution protection.

RESCH POLSTER & BERGER LLP

*Nissan Motor Co. v. Nissan Comput. Corp.*, 378 F.3d 1002, 1011 (9th Cir.2004).

A "famous" mark is one that "is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). In order to qualify as "famous," **the asserted mark must have "such powerful consumer associations that even non-competing uses can impinge on their value**." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir.1999). **"[T]he FTDA extends dilution protection only to those whose mark is a household name**." *Nissan*, 378 F.3d at 1011 (internal quotation marks and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11–cv–01846–LHK, 2012 WL 2571719, at *7 (N.D.Cal. June 30, 2012) ("The Ninth Circuit has recognized that fame requires a high standard of consumer awareness beyond the trademark owner's specific market—**the mark should be a 'household name' or 'part of the collective national consciousness**.' ") (citation omitted). "[T]o meet the 'famousness' element of protection under the dilution statutes, 'a mark [must] be truly prominent and renowned.' " *Avery*, 189 F.3d at 875 (citation omitted).

. . .

The Ninth Circuit has routinely found even very old and commercially successful marks insufficiently famous under § 1125(c). *See, e.g., Avery*, 189 F.3d at 876–77 (finding Avery and Dennison marks not famous despite decades of use, $3 billion in annual sales, and $5 million in

706051.4

1        advertising); *Fruit of the Loom, Inc., v. Girouard*, 994 F.2d

2        1359, 1362 (9th Cir.1993) (finding that "fruit" mark "is far

3        from being in the class" of "Tiffany," "Polaroid," "Rolls

4        Royce," "Kodak," "Century 21," and "Oscar" marks).

5 *Pinterest*, 140 F.Supp.3d at 1032–33 (emphasis added). Not only does the FACC fail

6 to plead sufficient facts to support such a finding of fame, but the notion that the

7 claimed mark as Fuentes conceives it is "famous" is absurd. It simply is not plausible

8 for Fuentes to claim that, although Coach® was found not to be famous (*Coach Servs.,*

9 *Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1376 (Fed. Cir. 2012), his claimed

10 mark, which is nothing more than use of safety pins to form the letters LA in a manner

11 being used by the Los Angeles Dodgers <u>since at least as early as 1958 </u>(Request for

12 Judicial Notice, Exh. 2), is a household name.

13       Of course, even if Fuentes's claimed mark were "famous", the claim still fails,

14 as the marks at issue are not <u>identical or substantially identical</u>. While both use the

15 letters LA, that is entirely irrelevant to the analysis, as Fuentes expressly disclaimed

16 any exclusive right to use "LA," apart from the mark as shown. This leaves the fact

17 that Fuentes's mark uses commonplace safety pins to form the letters "LA" as the

18 claimed mark. However, as detailed above, the Moshi Skull Pins Design employs

19 prominent use of both skull heads (in lieu of safety pin tops) <u>and</u> the trademarked

20 Lauren Moshi signature. There simply can be no plausible claim, therefore, that

21 Fuentes' claimed mark and the Moshi Skull Pins Design are "identical or substantially

22 identical."

23

24     **E.**     <u>**The First, Third and Fourth Affirmative Defenses Are Not Well Pled**</u>

25          **1.**     **The**   **First**   **and**   **Fourth**   **Affirmative**   **Defenses**   **Are**

26                **Argumentative Denials**

27           An affirmative defense absolves a defendant of liability

28           "even where the plaintiff has stated a prima facie case for

RESCH POLSTER & BERGER LLP

> recovery." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D.Cal.2005). <u>An attack on a plaintiff's case-in-chief is not an affirmative defense</u>. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002).

*Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). See also *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("that [a] plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense"). *See also*, *Velez v. Longhorn Steaks & Darden Rests., Inc.*, Case No. 12-cv-4857 at *1-2 (N.D. Ill., September 10, 2012) ("[I]t is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint"; citing *Rivertree Landing LLC v. Murphy*, 246 F.R.D. 667, 668 (N.D. Ill. 2007)).

The First Affirmative Defense (that the mark is not descriptive and therefore not subject to cancellation) and Fourth Affirmative Defense (that the statements made by Fuentes to the USPTO were not fraudulent) are affirmative factual denials, not affirmative defenses. They should, therefore, be stricken.

## 2. The Third Affirmative Defense Fails To Include Any Supporting Facts (And Appears Nonsensical On Its Face)

Separately, the Third Affirmative Defense (which asserts both unclean hands and trademark misuse) is defective in that, despite an obligation to do so under applicable law, there are no facts whatsoever pled in support of the claimed defenses. *LF Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV1705824ABMRWX, 2017 WL 9486124 (C.D. Cal. Dec. 14, 2017).

> Neither the Supreme Court nor the Ninth Circuit has expressly held that the plausibility requirement applies to affirmative defenses, and the issue has divided the district courts of this Circuit. "The majority of district courts in this Circuit, including the entire Northern District and this

RESCH POLSTER & BERGER LLP

RESCH POLSTER & BERGER LLP

Court, has consistently applied Twombly and Iqbal to both claims and affirmative defenses." *Vogel v. Huntington Oaks Del. Partners*, LLC, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10–945 CW, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (collecting cases and noting uniformity in Northern District dispositions)); *Gonzalez v. Heritage Pac. Fin., LLC*, No. 2:12–cv–01816–ODW (JCGx), 2012 WL 3263749, at *1 (C.D. Cal. Aug. 8, 2012).

…

The Court is not persuaded by Defendant's arguments in favor of the fair notice standard. The Court finds that Twombly's plausibility standard applies to affirmative defenses. *See Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12–cv–09687–ODW (JCx), 2013 WL 1344831, at *2–3 (C.D. Cal. Apr. 2, 2013); *Heritage*, 2012 WL 3263749, at *1–2; *Gonzalez v. Preferred Freezer Servs., LBF, LLC*, No. CV 12–3467 ODW (FMO), 2012 WL 2602882, at *2 (C.D. Cal. July 5, 2012). Requiring a defendant to bolster its affirmative defenses with some factual support comports with Iqbal's message that discovery should not be used as a fishing expedition. *Iqbal*, 556 U.S. at 678–79.

*LF Centennial Ltd.*, at *4–5.  *See also*, *Footbalance System Inc. v. Zero Gravity Inside, Inc.*, 2017 WL 3877720, *2-*4 (S.D. Cal. 2017). The *Footbalance* court adhered to its conclusion that *Twombly* applies to affirmative defenses, and noted that the only case relied upon by *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) to support the earlier "fair notice" standard is *Conley v. Gibson*, 355 U.S. 41, 47-48

(1957), which was abrogated insofar as it permitted pleading at a standard lower than *Twombly's* plausibility standard.

Here, the Answer is totally devoid of any facts supposedly underlying these defenses.  The defenses state, <u>in full</u>, that, "Plaintiff's cancellation claim is barred by the equitable defenses of unclean hands and trademark misuse."  There are simply no <u>facts</u> alleged in support of these claimed defenses.  Moreover, as Plaintiff is seeking cancellation of Fuentes' mark, "trademark misuse" is nonsensical on its face.  "Although motions to strike are disfavored, so are unsubstantiated assertions of the inequitable conduct defense."  *Cabin Foods, LLC v. Rich Prod. Corp.*, No. EP-11-CV-318-KC, 2012 WL 433115, at *6 (W.D. Tex. Feb. 8, 2012).  The Third Affirmative Defense should, therefore, be stricken.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, the Counterclaim Defendants respectfully request that the Court grant their Motion in its entirety.

DATED:  October 4, 2019                    RESCH POLSTER & BERGER LLP


By:   <u>      /s/*Andrew V. Jablon*      </u>
                        ANDREW V. JABLON
             Attorneys for Plaintiff and Counterclaim
                   Defendant Lauren Moshi, LLC

RESCH POLSTER & BERGER LLP

**PROOF OF SERVICE**

***Lauren Moshi, LLC v. Daniel Fuentes, et al.***
**Case No. USDC Case No. 2:18-cv-06725-DMG-JPR**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

On October 4, 2019, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF LAUREN MOSHI, LLC TO DISMISS AND STRIKE PORTIONS OF THE *AMENDED COUNTERCLAIMS, ANSWER AND AFFIRMATIVE DEFENSES* [DKT. 47] PURSUANT TO FED. R. CIV. P 12(b)(6) and 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

Ryan W. Powers
5807 Fayette Street
Los Angeles, CA 90042

Mikhael Bortz
Bortz Law Firm, PA
4245 N. Knox Avenue
Chicago, Illinois 60641

Attorney for Defendant Daniel Fuentes
d/b/a Lethal Amounts

Telephone: (801) 750-7926
Fax: (323) 487-0384
Email: ryan@ryanpowerslaw.com

Telephone: (800) 608-5407
Fax: (800) 608-5407
Email: mbortz@bortzlawfirm.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 4, 2019, at Los Angeles, California.

/s/ Noemi Tariche
Noemi Tariche

RESCH POLSTER & BERGER LLP

706051.4