MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff and Counterclaim
Defendant Lauren Moshi, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LAUREN MOSHI, LLC., a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DANIEL FUENTES, an individual doing business as both LETHAL AMOUNTS and LETHAL AMOUNTS GALLERY; and DOES 1-10, inclusive,<br><br>　　　　Defendants.<br><br>DANIEL FUENTES, an individual doing business as both LETHAL AMOUNTS,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>LAUREN MOSHI, LLC; MICHAEL MOSHI, an individual,; LAUREN MOSHI, an individual; and ROES 1-10, inclusive,<br><br>　　　　Counterclaim Defendants. | Case No. 2:18-cv-06725-DMG-JPR<br><br>**LIMITED OPPOSITION TO MOTION OF MIKHAEL BORTZ TO WITHDRAW AND TO MODIFY SCHEDULING ORDER**<br><br>*Filed Concurrently with Declaration of Andrew V. Jablon*<br><br>Date:　　February 14, 2020<br>Time:　　9:30 a.m.<br>Crtrm.:　8C<br><br>Trial Date:　　September 29, 2020 |

743070.3

## I. INTRODUCTION

While Plaintiff has no objection to Ms. Mikhael Bortz being afforded leave to withdraw as one of the attorneys for defendant and Counterclaimant Daniel Fuentes ("**Fuentes**"), Plaintiff does object to Ms. Bortz' efforts to modify the scheduling order by way of the instant Motion.

Fuentes, who will remain represented by co-counsel (Ryan W. Powers), has failed to meet his burden of demonstrating good cause to modify the Scheduling Order. While Ms. Bortz' medical condition may warrant her withdrawal, there has been no showing of the required good cause to modify the Scheduling Order, as requested by the Motion. This issue has been pending since early December and no showing has been made as to why alternate counsel could not have been obtained during the last five weeks—much less why the pending Scheduling Order, which leaves ample time for new co-counsel to be located and prepare the case, should be modified. Simply put, Fuentes' has not shown that he has been hindered from defending this action or prosecuting his Counterclaims, and there remains ample time in the previously set schedule for him and existing co-counsel, as well as any newly selected counsel (should he elect to hire new counsel), to complete discovery before the May 26, 2020 non-expert discovery cutoff and August 11, 2020 discovery cutoff, and to prepare for trial on September 29, 2020.

Separately, Fuentes has also asked, presumably under *Fed. R. Civ. Pro.* 4(m), for an extension of time to serve his Counterclaim on Michael and Lauren Moshi. Fuentes, waited 66 days after filing the Counterclaim to even request issuance of a summons, and, despite the 90 day requirement of Rule 4, it has now been 132 days since the filing of the Counterclaim. Fuentes, whose time to serve has expired, has nonetheless failed to meet his burden, established under the Federal Rules and applicable case law, of demonstrating good cause for any extension of the time limits established by the Federal Rules.

Accordingly, while Ms. Bortz should be given leave to withdraw, the Motion should be denied in all other respects.

## II. LEGAL ARGUMENTS

### A. Defendant Daniel Fuentes Bears The Burden of Demonstrating Good Cause to Modify The Scheduling Order, And Has Failed To Do So

A scheduling order may be modified by leave of Court only upon a showing of good cause. *Fed. R. Civ. Pro.* 16(b); *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003; *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2003). Specifically, "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor,* 218 F.R.D. at 671.

The strictness of the deadlines of a Scheduling Order is exemplified in *Panatronic USA v. AT&T Corporation*, 287 F.3d 840 (9th Cir. 2002). There, the plaintiff sought a modification to a scheduling order, so as to reopen discovery after AT&T had filed a motion for summary judgment. The trial court denied plaintiff's request for more time and granted AT&T's summary judgment motion. On appeal, the court upheld the district court's rulings because, among other things, the plaintiff had already had ample opportunity to take discovery under the scheduling order already in place. *Id*. at 846.

Mr. Fuentes, as the moving party, bears the burden of demonstrating that good cause exists. *Vercon Constr., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir.2006) (No. 05-1926), available at 2006 WL 1747115, at * 1 (citing 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure Civ. § 1522.1 (2d ed.1990)). Here, Fuentez has not, and cannot meet their burden.

### 1. New Counsel Is Not Grounds To Modify The Scheduling Order

As noted, in addition to seeking leave to withdraw, Ms. Bortz asks that the Court modify the Scheduling Order by extending the discovery and motion cutoffs, as well as moving the trial. The crux of the request is that Fuentes needs to retain new <u>lead</u> counsel. (Motion, 3:9-10.) Setting aside that Mr. Fuentes will still be represented by Mr. Powers,

> a mere change in counsel is not a basis to find good cause supporting Rule 16 relief. *See Buchanan County, Virginia v. Blankenship*, 545 F.Supp.2d 553, 555 (W.D.Va.2008) (Defendants' retention of new counsel was not alone sufficient to show good cause to modify scheduling order to permit dispositive motions more than for months after deadline designated in scheduling order).

*Washington v. Andrews*, No. 1:07-CV-00886-AWI, 2012 WL 5520413, at *2 (E.D. Cal. Nov. 14, 2012). *See also Adams v. School Bd. of Hanover County*, 2008 WL 5070454 *4 (E.D.Va. 2008) (arrival of new counsel does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court); *Ellis v. Dir., CIA*, 1999 WL 704692, at *7 n. 8 (4th Cir. 1999) (affirming the district court's refusal to allow plaintiffs new counsel to conduct additional discovery). Accordingly, good cause requires more than simply a change in counsel.

### 2. Fuentes Has Not Been Hindered In Its Ability to Prosecute Its Case

While Plaintiff understands and appreciates that Ms. Bortz' medical condition renders it impossible for her to continue as counsel, there has been no showing by Fuentes that he has been hindered in any fashion from prosecuting this case. Ms. Bortz has actively and continuously participated in the litigation by, among other things:

1. Filing Motions to Dismiss in October, 2018;

2. Participating in the Rule 26 early meeting of counsel the first week of September, 2019 (Docket No. 48);

3. Serving responses to Requests for Admission, Interrogatories and Requests for Production of Documents on September 23, 2019 (Declaration of Andrew V. Jablon ("**Jablon Decl**."), ¶ 2);

4. Participating in a discovery meet and confer on October 4, 2019 (*Id.*, ¶ 3);

5. Serving supplemental discovery responses and making a document production on October 24, 2019 (*Id.*, ¶ 4); and

6. Opposing, on October 18, 2019, Lauren Moshi, LLC's Motion to Dismiss pursuant to *Fed. R. Civ. Pro.* 12(b)(6) [Docket No. 54].

Fuentes has not articulated how, in light of the foregoing, he has been unable to prepare his defense or prosecute his Counterclaim. Moreover, with a non-expert discovery cutoff date four and one half (4.5) months away (May 26, 2020), an expert discovery cut off seven (7) months away (August 11, 2020) and a trial date eight and one half (8.5) months away (September 29, 2020), there has been no showing as to why he cannot meet the current deadlines.

### 3. Prejudice To Lauren Moshi, LLC, While Self Evident, Is Irrelevant

The "focus of the inquiry on a motion to modify a scheduling order is upon the moving party's reasons for seeking modification and whether good cause has been demonstrated, not upon the prejudice to the party opposing the modification." *Masterpiece Leaded Windows Corp. v. Joslin*, No. 08-CV-0765-JM(JMA), 2009 WL 1456418, at *3 (S.D. Cal. May 22, 2009). While the prejudice to Lauren Moshi, LLC by a continuance is self-evident (not to mention that Fuentes has been using the case to try and generate adverse publicity against Lauren Moshi, LLC, and favorable publicity for himself, such that a prompt resolution is need) – as it stands, the trial is

scheduled for more than two years after the action commenced – no prejudice need be shown to deny Fuentes' request to modify the Scheduling Order.

### B. Fuentes' Request For Additional Time To Serve Should Also Be Denied

Additionally, Fuentes asks for 60 additional days to serve the Counterclaim on Michael and Lauren Moshi. Pursuant to *Fed. R. Civ. P.* 4(m), Fuentes had 90 days to serve the Counterclaim, which began running upon its filing on August 23, 2019, and expired as of November 21, 2019. Fuentes, did not even request the issuance of a summons until October 28, 2019 (i.e., 66 days after filing of the Counterclaim). This is despite the fact that almost a month earlier, on October 4, 2019, Lauren Moshi, LLC noted in its Motion to Dismiss that Michael and Lauren had not been served and no summons had even been issued. (Docket No. 52, pg. 2, fn. 1). It took two more tries for Fuentes to get the summons issued. (Docket No. 58- 65)It has now been another 66 days since the issuance of the summons, and Fuentes has not complied with *Fed. R. Civ. Proc.* 4.

While an Order to Show Cause for failure to prosecute has not been issued, it would, nonetheless, be appropriate under the Federal Rules where Fuentes has failed to serve the Counterclaim after what is now 132 days. Again, if an extension of time to serve is sought in response to such an OSC, "good cause" warranting such an extension, generally equated to "excusable neglect" (especially as the time has already passed; c.f. *Fed. R. Civ. Proc.* 6(b)(1)(B)), must be shown. *Mateo v. M/S KISO* (ND CA 1992) 805 F.Supp. 792, 795 (abrogated on other grounds by *Brockmeyer v. May* (9th Cir. 2004) 383 F3d 798) (holding that good cause under Rule 4(m) generally means "that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control.") Fuentes has failed to meet his burden and, as such, his request for an extension of time under *Fed. R. Civ. Pro.* 4(m) should be denied and an OSC issue forthwith.

### III. CONCLUSION

> Because discovery problems are presented in every case, and because in many cases discovery must close before a district court can consider dispositive motions with all evidence in hand, district courts need to be able to control or limit discovery in order to advance the progress of their trial dockets. The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one.

*Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2005). While Ms. Bortz' medical condition absolutely warrants an order authorizing her withdrawal from the case, there has been no showing of the required good cause to modify the Scheduling Order. Fuentes' has not shown that he has been hindered from defending this action or prosecuting his Counterclaims, and there remains ample time in the previously set schedule for him to complete discovery and prepare for trial at the end of the year.

Moreover, Fuentes has failed to meet his burden of demonstrating excusable neglect for his failure to serve his Counterclaim. Fuentes, who failed to even request the issuance of a summons on the Counterclaim for 66 days after filing his pleading (Docket 47 and 56), has not met his burden. The request for an extension of time under Rule 4(m), therefore, is improper.

/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, other than allowing Ms. Bortz to withdraw as counsel, the Motion should be denied in all other respects.

DATED: January 13, 2020      RESCH POLSTER & BERGER LLP

By:    /S/ *Andrew V. Jablon*
       ANDREW V. JABLON
   Attorneys for Plaintiff and Counterclaim
      Defendant Lauren Moshi, LLC

# PROOF OF SERVICE

**Lauren Moshi, LLC v. Daniel Fuentes, et al.**
Case No. USDC Case No. 2:18-cv-06725-DMG-JPR

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

    On January 13, 2020, I served true copies of the following document(s) described as **LIMITED OPPOSITION TO MOTION OF MIKHAEL BORTZ TO WITHDRAW** on the interested parties in this action as follows:

| | |
|---|---|
| Ryan W. Powers<br>5807 Fayette Street<br>Los Angeles, CA 90042 | Attorney for Defendant Daniel Fuentes d/b/a Lethal Amounts<br><br>Telephone: (801) 750-7926<br>Fax: (323) 487-0384<br>Email: ryan@ryanpowerslaw.com |
| Mikhael Bortz<br>Bortz Law Firm, PA<br>4245 N. Knox Avenue<br>Chicago, Illinois 60641 | Telephone: (800) 608-5407<br>Fax: (800) 608-5407<br>Email: mbortz@bortzlawfirm.com |

    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on January 13, 2020, at Los Angeles, California.

                                                  /s/ Noemi Tariche
                                                  Noemi Tariche

RESCH POLSTER & BERGER LLP

743070.3