UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 16, 2020 |
|---|---|---|---|

| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS -- ORDER RE MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT / COUNTER-PLAINTIFF AND ORDER TO SHOW CAUSE WHY GOOD CAUSE EXISTS TO MODIFY SCHEDULING ORDER AND WHY THIRD PARTY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION [69]**

### I.  MOTION TO WITHDRAW AS COUNSEL

On January 10, 2020, Mikhael Bortz, of Bortz Law Firm, P.A., admitted *pro hac vice*, filed a motion for leave to withdraw as counsel for Defendant / Counterclaimant Daniel Fuentes on the ground that health issues have impaired her ability to provide Defendant with adequate representation.  [Doc. # 69.]

"A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  Local Rule 83-2.3.2.

According to Ms. Bortz's motion and supporting declaration, she has given notice to Defendant and all other parties that have appeared in the case and Defendant does not object to her proposed withdrawal.  [Doc. # 69, at ¶¶ 6, 7.]  On January 13, 2020, Plaintiff Lauren Moshi, LLC, filed a response stating that it did not object to Ms. Bortz's withdrawal.  [Doc. # 70, at p. 2.]  In addition to Ms. Bortz, Defendant has also been represented by local counsel, Ryan W. Powers, since July 2, 2019.  [Doc. # 37.]  The Court has received no indication that Mr. Powers will not be representing Defendant moving forward.

Ms. Bortz is ordered to serve Defendant with a copy of this Order.  No later than **January 23, 2020**, defense counsel shall file a proof of service indicating service of this Order on Defendant.

## II. REQUEST TO MODIFY SCHEDULING ORDER AND TO EXTEND TIME TO SERVE COUNTERCLAIM

In her motion, Counsel also requests that the Court: (1) continue all dates, including the motion and discovery cutoff dates and the trial date, for sixty (60) days so that new counsel may be retained and have sufficient time to become familiarized with this matter; and (2) grant a sixty (60) day extension so that Defendant may belatedly serve his Counterclaim on Third Party Defendants Michael and Lauren Moshi (mischaracterized as Counter-Defendants).

At this time, it is unclear why additional time is needed given that Ms. Bortz's co-counsel, Mr. Powers, remains counsel of record. Accordingly, no later than **January 31, 2020**, Defendant is **ORDERED TO SHOW CAUSE** why: (1) good cause exists to modify the Scheduling Order, and (2) the Third Party Complaint against Michael and Lauren Moshi should not be dismissed for lack of prosecution. Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005) ("[W]hereas the plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion . . . , the consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").[1] The February 14, 2020 hearing is **VACATED**.

**IT IS SO ORDERED.**

---

[1] In Defendant's request to extend time to serve the Third Party Complaint, Counsel attached evidence suggesting that Third Party Defendants Michael and Lauren Moshi have either refused delivery of waiver paperwork or have otherwise been unreachable. [Doc. ## 69-1, 69-2.] Counsel appears to have attempted to send these documents, however, on December 4, 2019, after the deadline to serve the Third Party Complaint had already passed on November 21, 2019. *See id.*; *see* Fed. R. Civ. P. 4(m). Accordingly, in the OSC response, Defendant shall explain why, applying the appropriate standard, the Third Party Complaint should not be dismissed for failure to prosecute, particularly given the existence of co-counsel who could have timely attempted service or timely moved the Court for alternate service options. The primary factor in the "good cause" inquiry is the moving party's reasonable diligence. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.") (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)) (citation and internal quotation marks omitted).