UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 17, 2020 |
|---|---|---|---|
| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 1 of 10 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF/COUNTER-DEFENDANT LAUREN MOSHI, LLC'S MOTION TO DISMISS AND STRIKE [52]**

**I.
BACKGROUND**

The Court set out the general factual background giving rise to this action in its June 25, 2019 Order resolving Defendant Daniel Fuentes' Motion to Dismiss and Motion to Strike. MTD 1 Order at 1-2 [Doc. # 35]. Rather than repeat the case history again, the Court incorporates that discussion herein. After the Court issued its MTD 1 Order, Fuentes filed the operative First Amended Answer and Counterclaim ("FACC"). [Doc. # 47.] The FACC alleges claims for trademark infringement, false designation of origin, unfair competition (under California Business and Professions Code sections 17200 *et seq.* and California common law), and trademark dilution against Plaintiff Lauren Moshi, LLC and Third Party Defendants Lauren Moshi and Michael Moshi. *See* FACC. Plaintiff/Counter-Defendant Lauren Moshi, LLC filed the instant Motion to Dismiss and Strike ("MTD") on October 4, 2019.[1] [Doc. # 52]. The MTD is now fully briefed. [Doc. ## 54 ("Opp."), 55 ("Reply").] For the following reasons, the Court **GRANTS in part** and **DENIES in part** the MTD.

---

[1] Third Party Defendants Lauren and Michael Moshi (mischaracterized as Counter-Defendants in the FACC) are not parties to the MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 17, 2020 |
|---|---|---|---|

| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 2 of 10 |
|---|---|---|---|

## II.
## RULE 12(b)(6) MOTION

### A.   Legal Standard

The Court incorporates herein the legal standard for a Rule 12(b)(6) motion that was set forth in the Court's June 25, 2019 Order [Doc. # 35 at 10].

### B.   Discussion

Lauren Moshi, LLC contends that, for various reasons, Fuentes has failed to adequately plead each of his four counterclaims and his entitlement to recover certain remedies. The Court discusses Lauren Moshi, LLC's arguments against each of Fuentes' counterclaims in turn.

#### 1.   Trademark Infringement and False Designation of Origin Claims

Fuentes argues that Lauren Moshi, LLC's use of the Skull Logo constitutes trademark infringement and false designation of origin under 25 U.S.C. sections 1114 and 1125. *See* FACC. Lauren Moshi, LLC contends that the First Amendment exempts it from Lanham Act liability under the test set forth by the Second Circuit in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). The Ninth Circuit, which has adopted the *Rogers* test, has explained that it exists "to strike an appropriate balance between First Amendment interests in protecting artistic expression and the Lanham Act's purposes to secure trademarks rights." *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018) (The Lanham Act will "apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression."). The *Rogers* test has three parts. First, the infringement defendant—here, Lauren Moshi, LLC—must make an initial showing that "its allegedly infringing use is part of an expressive work protected by the First Amendment." *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241 (9th Cir. 2013) ("The Rogers test is reserved for expressive works."). If Lauren Moshi, LLC clears that hurdle, Fuentes must demonstrate that "(1) it has a valid, protectable trademark, and (2) the mark is *either* not artistically relevant to the underlying work or explicitly misleading as to the source or content of the work." *Gordon*, 909 F.3d at 264-65 (emphasis added).

Lauren Moshi, LLC has not made the necessary threshold showing because it has not established at this stage that its use of the Skull Pin Logo qualifies as an expressive work under the First Amendment. At certain points in its argument, Lauren Moshi, LLC simply assumes or concludes that its sale of clothing is expressive enough to warrant First Amendment protection. *See* MTD at 18. These bare assertions, however, are not persuasive. Nor is Lauren Moshi, LLC's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6725-DMG (JPRx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 3 of 10 |

citation to *Jacobs v. Clark Cty. Sch. Dist.*, 373 F. Supp. 2d 1162 (D. Nev. 2005). Reply at 10. That case stands for the well-established and unobjectionable notion that students who wear clothing intended to convey a particular message engage in protected First Amendment expression. *See Jacobs*, 373 F. Supp. 2d at 1172 (citing *Cohen v. California*, 403 U.S. 15 (1971)). This case does not concern anyone *wearing* clothes to convey a message—it involves two parties fighting over the right to manufacture and sell clothes bearing a certain logo.

Lauren Moshi, LLC also contends that its use of the Skull Pin Logo constitutes protected expression because it received a copyright for the design. MTD at 18. The only authority it cites to support that assertion is the copyright statute itself, which states that federal law affords copyright protection to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102. It does not necessarily follow that a work obtains First Amendment protection just because it is fixed in a tangible medium of expression for the purposes of the Copyright Act. Indeed, for an example to the contrary, we need look no further than Ninth Circuit authority discussing the medium at issue here—merchandise for commercial sale. In *Gaudiya Vaishnava Society v. City & County of San Francisco*, the court determined that the sale of merchandise—including t-shirts—rose above mere "commercial communication" to the level of fully protected expression because the selling organization "inform[ed] individuals of their causes through . . . selling merchandise with messages affixed to the product." 952 F.2d 1059, 1060, 1064 (9th Cir. 1990). The court held that "[w]here the pure speech and commercial speech by the nonprofits during these activities is inextricably intertwined, the entirety [of the speech] must be classified as noncommercial and" courts must treat it as "fully protected speech." *Id.* at 1064; *Hunt v. City of Los Angeles*, 601 F. Supp. 2d 1158, 1181 (C.D. Cal. 2009), *aff'd in relevant part, remanded in other part*, 638 F.3d 703 (9th Cir. 2011) (holding that sale of merchandise did not constitute protected activity). Lauren Moshi, LLC has identified no speech or message that it intended to convey in manufacturing and selling shirts bearing the Skull Pin Logo and none is readily apparent to the Court.[2] *See Gordon,* 909 F.3d 268 (determining that greeting cards constitute expressive works because they "evince an intent to convey a particularized message").

Other courts, including the Second Circuit, have found that merchandise for sale can constitute expressive conduct under the First Amendment. *See Mastrovincenzo v. City of New*

---

[2] The Ninth Circuit has identified certain expression, such as "arts and entertainment," that normally qualify as First Amendment expression. *See White v. City of Sparks,* 500 F.3d 953, 955 (9th Cir. 2007) (identifying music, dance, theater, and "serious artistic work"). The commercial sale of t-shirts is not among those species of expression, nor does it fits neatly alongside them. Moreover, *Gordon* marked the sixth time that the Ninth Circuit has applied the *Rogers* test. *See Gordon*, 909 F.3d at 266-69. None of those cases concerned the sale of merchandise without an obvious message. *See id.* (describing applications of the test to a song, a series of photographs, a television show, two video games, and greeting cards).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6725-DMG (JPRx) | Date | January 17, 2020 |
|---|---|---|---|

| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | | Page | 4 of 10 |
|---|---|---|---|---|

*York*, 435 F.3d 78, 97 (2d Cir. 2006). That court, however, engaged in a fact-based analysis using factors to guide its reasoning that Lauren Moshi, LLC does not discuss. *See id.* at 93-97. It would therefore be inappropriate for the Court to determine at this stage, and without full briefing on the issue, whether Lauren Moshi, LLC's use of the Skull Pin Logo is protected expressive, or merely commercial, activity.

In short, Lauren Moshi, LLC has not met its burden to show that, under *Rogers*, its use of the Skull Pin Logo is an "expressive work" within the meaning of the First Amendment. Nonetheless, because further factual development could impact the Court's analysis of the issue, the Court's ruling is without prejudice to Lauren Moshi, LLC raising its *Rogers* argument again at a later stage. For now, however, its argument is not sufficiently developed to prevent Fuentes' trademark infringement and false designation of origin claims from proceeding past the pleading stage.

### 2. Unfair Competition Claims

Fuentes also contends that Lauren Moshi, LLC's use of the Skull Pin Logo constitutes unfair competition in violation of California Business and Professions Code section 17200 *et seq.* ("UCL") and California common law. FACC at ¶¶ 50-52. Fuentes seeks injunctive relief, restitution, compensatory damages, and punitive damages in connection with these claims. *See id.* Lauren Moshi, LLC argues that Fuentes lacks standing to bring his UCL claim and cannot recover the damages that he seeks under either the UCL or the common law. MTD at 19-23.

#### i. Compensatory Damages

Fuentes requests that the Court award him compensatory damages "for all harm suffered as a result of [Lauren Moshi, LLC's] conduct." FACC at ¶ 52. As Lauren Moshi, LLC points out, however, litigants may not recover compensatory damages under the UCL. *See Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992). Fuentes does not dispute that reality, but instead argues that he seeks compensatory damages not under the UCL, but under the common law. Opp. at 8. Indeed, the Ninth Circuit has held that compensatory damages are available for common law unfair competition claims. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1489–90 (9th Cir. 1996). Lauren Moshi, LLC appears to concede that compensatory damages are available if Fuentes can establish that, under its common law unfair competition claim, Lauren Moshi, LLC has "passed off" the Skull Pin Logo as the LA Logo. *See* Reply at 14; *Bank of the W.*, 2 Cal. 4th at 1263 (In California, "the common law tort of unfair competition is generally thought to be synonymous with the act of passing off one's goods as those of another.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 17, 2020 |
|---|---|---|---|
| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 5 of 10 |

Lauren Moshi, LLC merely asserts in a conclusory manner that Defendant has not adequately pled the requirements for a "passing off" claim because the Skull Pin Design is original and different enough from the LA Logo so as not to deceive the average consumer. Reply at 14; *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1032 (C.D. Cal. 2011), *aff'd*, 738 F.3d 1085 (9th Cir. 2013) (Determining whether a "passing off" claim succeeds requires an analysis into "whether the public is likely to be deceived about the source of goods or services by the defendant's conduct."). That question, however, is a factual matter that would not be appropriate to answer at this stage before discovery has begun. Lauren Moshi, LLC's bare conclusion, unsupported by any authority or legal analysis is insufficient to demonstrate that Fuentes cannot recover compensatory damages under a common law unfair competition theory as a matter of law.

Lauren Moshi, LLC's MTD is therefore **GRANTED** as to Fuentes' ability to recover compensatory damages under the UCL, but **DENIED** as to his ability to recover compensatory damages under the common law.

### ii. Punitive Damages

Similarly, the parties appear to agree that punitive damages are unavailable under the UCL. MTD at 21-22; Opp. at 7. But Fuentes once again maintains that it can recover punitive damages under its common law unfair competition theory, and Lauren Moshi, LLC again contends that his "passing off" claim cannot succeed as a factual matter. MTD at 21-22; Opp. at 7; Reply at 14. As before, Lauren Moshi, LLC fails to support that argument with any authority or legal reasoning. Because the Court declines to decide at this stage as a matter of law whether the public is likely to be deceived about the source of the Skull Pin Logo, it cannot grant the MTD as to Fuentes' ability to recover punitive damages associated with its common law unfair competition claim.

Lauren Moshi, LLC's MTD is therefore **GRANTED** as to Fuentes' ability to recover punitive damages under the UCL, but **DENIED** as to his ability to recover punitive damages under the common law.

### iii. Restitution

Unlike the parties' arguments about compensatory and punitive damages, their arguments pertaining to restitution focus entirely on Fuentes' UCL claim. Lauren Moshi, LLC's MTD does not challenge restitutionary recovery under the common law unfair competition claim. The Court therefore does not address the availability of restitution under the common law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 17, 2020 |
|---|---|---|---|
| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 6 of 10 |

To establish a claim for restitution under the UCL, a plaintiff must show either that: "1) the plaintiff has an ownership interest in and possessed [a certain] property before giving it to the defendant (a 'possessory ownership interest'), or 2) the plaintiff did not possess the property, but has a vested ownership interest in it (a 'non-possessory but vested ownership interest')." *Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1093 (C.D. Cal. 2003) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003)). Lauren Moshi, LLC argues that Fuentes has not pled facts sufficient to survive either test. MTD at 20-21. Fuentes responds by citing a district court decision that held that a trademark owner has "an equitable interest in a *counterfeit* product, thus entitling such trademark owner to restitutionary" relief from the infringer. Opp. at 7 (citing *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, 2013 WL 1007666, at *8 (N.D. Cal. Mar. 13, 2013) (emphasis added)).

While Lauren Moshi, LLC argues that Fuentes has pled no counterfeiting claim, the plain language of the FACC is sufficient to put Lauren Moshi, LLC on notice that Fuentes intends to pursue a counterfeiting cause of action. Under "Count I," for trademark infringement, Fuentes alleges that Lauren Moshi, LLC has "intentionally and willfully . . . made use in commerce of a counterfeit of the LA Logo and/or other words, terms, names, symbols, or devices, or any combination thereof in such a way that it causes consumer confusion." FACC at ¶ 34. That paragraph also cites to 15 U.S.C. section 1114(1)(a), the provision of the Lanham Act that gives rise to counterfeiting causes of action. *See* 15 U.S.C. §1114(1)(a). It is true that Fuentes did not explicitly style his claim as a "counterfeiting claim," but the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, *Miss.*, 574 U.S. 10, 11 (2014). Indeed, notice pleading requires only the pleading of facts, not legal theories. *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011); *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). The FACC contains a counterfeiting claim, imperfectly stated though it may be.

Moreover, *Innovation Ventures*' reasoning is persuasive, even if not enshrined as binding authority by the Ninth Circuit. That court held that plaintiffs possess a vested ownership interest in counterfeit goods because an alleged counterfeiter is "both selling the trademark owners' [intellectual] property" for profit "and damaging the owner's property interest in its accumulated goodwill by putting inferior products in the stream of commerce." *Innovation Ventures*, 2013 WL 1007666, at *8. The court also ruled that the plaintiff's allegations on this issue were sufficient to survive the pleading stage because the defendant did not cite any contrary authority. *Id.*; *see also McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004) ("Rule 12(b)(6) dismissals are especially disfavored" when aimed at potentially novel legal theories that can be better assessed "after factual development"). Since *Innovation Ventures*' analysis is persuasive and Lauren

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6725-DMG (JPRx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 7 of 10 |

Moshi, LLC has not cited any authority holding that counterfeiting claims *cannot* give rise to restitutionary relief under the UCL, its MTD is **DENIED** on this issue.

### iv.   Standing to Pursue UCL Claim

Parties can maintain claims under California Business and Professions Code section 17204 "only if, as a result of unfair competition, they have: (1) suffered an injury in fact, (2) lost money or property, and (3) the economic injury was a 'result of' the unfair competition." *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1093 (N.D. Cal. 2018) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 326 (2011)). Lauren Moshi, LLC argues that Fuentes has not established his standing to sue because he "has not alleged restitutionary damages" and the alleged injury in the form of "harm to the LA Logo, goodwill, and reputation in the marketplace" does not confer UCL standing. MTD at 23. As stated above, however, Fuentes' allegations are sufficient at this stage to support a claim for restitutionary recovery under the UCL.

Additionally, Lauren Moshi, LLC's assertion that injuries to goodwill or business reputation cannot give rise to UCL standing does not appear to be an accurate statement of the law. Lauren Moshi, LLC bases its argument on a California Court of Appeal decision holding that "harm to [] goodwill does not constitute 'a loss of money or property as a result of unfair competition sufficient to confer [UCL] standing.'" MTD at 23 (citing *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009)).[3] That court reasoned that, because harm to goodwill would not entitle a plaintiff to restitution under California Business and Professions Code section 17203, it does not qualify as the type of "lost money or property" necessary to establish standing under section 17204. Shortly thereafter, however, the California Supreme Court ruled in *Kwikset Corporation v. Superior Court* that "the standards for establishing standing under section 17204 and eligibility for restitution under section 17203 are wholly distinct." 51 Cal. 4th 310, 335–36 (2011). In holding that "ineligibility for restitution" under section 17203 "is not a basis for denying standing under section 17204," the court explicitly "disapprove[d]" of *Citizens of Humanity*'s ruling to the contrary. *Id.* at 337. *Citizens of Humanity* therefore does not eliminate Fuentes' UCL standing and the MTD on this issue is **DENIED**.

### 3.   Trademark Dilution Claim

Fuentes also contends that Lauren Moshi, LLC's use of the Skull Pin Logo has diluted the LA Logo's trademark's value. FACC at ¶¶ 53-59. Fuentes maintains that he only asserts his dilution claim under California Business and Professions Code section 14247, not under federal

---

[3] Lauren Moshi, LLC also cites a district court decision from 2009 that followed *Citizens of Humanity*. MTD at 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 17, 2020 |
|---|---|---|---|
| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 8 of 10 |

law.  Opp. at 8.  Regardless, the dilution analysis under federal and California law is generally the same.  *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).  Under each body of law, courts consider whether:  "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment."  *See id.*  Federal law is clear that, to qualify as a famous mark, the mark in question must be "*widely recognized by the general consuming public of the United States* as a designation of source of the goods or services of the mark's owner."  15 U.S.C. § 1125(c)(2)(A) (emphasis added); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004) (federal law "extends dilution protection only to those whose mark is a household name" through the country) (internal quotations omitted)).  California law defines a famous mark as one that "is *widely recognized by the general consuming public of this state, or by a geographic area of this state*, as a designation of source of the goods or services of the mark's owner."  Cal. Bus. & Prof. Code § 14247 (emphasis added).  While section 14247 narrows the dilution analysis' geographic reach requirement to California, as opposed to the entire country, it does not change the fact that a famous mark must be "widely recognized by the general consuming public."  *Compare* 15 U.S.C. § 1125(c)(2)(A) *with* Cal. Bus. & Prof. Code § 14247.  Given that the two statutes use the same language and the Ninth Circuit has held that the analyses under the two causes of action are the same, the Court reads the California statute to require the same level of fame in California (or a geographic area within California) that the federal statute requires throughout the country.

Fuentes argues that the allegations in the FACC are sufficient to establish that the LA Logo satisfies the fame requirement as to the geographic area of Los Angeles.  The Court disagrees.  The FACC's allegations relating to the LA Logo's fame are limited to a bare conclusion that "the distinctive LA Logo is famous throughout Los Angeles, in that it is widely recognized by the general consuming public in Los Angeles and well into other parts of California," FACC at ¶ 55, and a citation to a single magazine article that focuses more on the instant lawsuit than the LA Logo's fame or reach in the California or Los Angeles consumer markets.  *See* FACC at ¶ 1 n.1 (citing *A Punk Rock Gallery and a Swanky T-Shirt Brand Battle Over the "L.A. Safety Pins" Design*, Samuel Braslow, LOS ANGELES MAGAZINE, August 2, 2019 (available at https://www.lamag.com/citythinkblog/lethal-amounts-lauren-moshi/)).  These statements, without more, do not show that the LA Logo is so famous that the "general consuming public" of California would "widely recognize it."  Indeed, comparing the LA Logo with other marks that courts have determined not to be famous makes clear that Defendant's allegations fall short.  *See, e.g., Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1061 (N.D. Cal. 2015) (ruling that a mark pertaining to a smartphone app was not famous even though the app was downloaded 20 million times in the United States, advertised extensively throughout the country, featured in prominent news publications, and publicly promoted by famous figures).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 17, 2020 |
|---|---|---|---|

| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 9 of 10 |
|---|---|---|---|

Since Fuentes has not alleged facts demonstrating that the LA Logo is famous enough to qualify for dilution protection under section 14247, Lauren Moshi, LLC's MTD is **GRANTED** as to this claim.

## III.
## RULE 12(f) MOTION

Lauren Moshi, LLC requests that the Court strike Fuentes' first and fourth affirmative defenses as deficient because they are "factual denials" rather than affirmative defenses. MTD at 27. It also asks the Court to strike his third affirmative defense because he has pled no facts in support of that defense. *Id.* at 27-28.

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a "motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (alteration in original) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Motions to strike are generally disfavored and "often used as a delaying tactic." *N.Y. City Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).

As the Court made clear in its MTD 1 Order, courts should deny such motions "unless the allegations have no possible relation to the controversy *and* may cause prejudice to one of the parties." MTD 1 Order at 4 (citing *Bianchi v. St. Farm Fire and Cas. Co.*, 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000) (emphasis added)). Without a showing of prejudice, "courts frequently deny motions to strike even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." *Berry*, 667 F. Supp. 2d at 1128 (internal quotations omitted).

**B.  Discussion**

Even though the Court clearly set forth the standard governing Rule 12(f) motions in its MTD 1 Order, Lauren Moshi, LLC makes no attempt to demonstrate that the affirmative defenses at issue will cause it any prejudice. *See* MTD at 27-29. After Fuentes pointed out that omission in his Opposition, *see* Opp. at 10, Lauren Moshi, LLC argued in its Reply that such prejudice is "self-evident, as litigants should not be forced to waste resources defending a claim or refuting an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6725-DMG (JPRx)** | Date | January 17, 2020 |
|---|---|---|---|
| Title | *Lauren Moshi, LLC v. Daniel Fuentes* | Page | 10 of 10 |

affirmative defense that is" legally deficient. Reply at 7. Whether or not those considerations qualify as prejudice or are "self-evident," it is plainly self-evident that Lauren Moshi, LLC made no argument that the defenses would create prejudice until its Reply. And, as a rule, courts need not consider arguments that movants fail to raise in their opening briefs. *Graves v. Arpaio*, 623 F.3d 1043, 1051 (9th Cir. 2010) ("This argument was not raised in his opening brief and thus waived."). Since Lauren Moshi, LLC has not adequately shown that Fuentes' "affirmative defenses" will prejudice it, its Rule 12(f) motion is **DENIED**. Indeed, "affirmative defenses" that are not real generally fall away of their own weight without the need for any motion practice.

## IV.
## CONCLUSION

In light of the foregoing, Lauren Moshi, LLC's Rule 12(b)(6) motion is **GRANTED in part** and **DENIED in part** as follows:

1. Lauren Moshi, LLC's MTD is **DENIED** as to Fuentes' claims for trademark infringement and false designation of origin.
2. It is **DENIED** as to Fuentes' ability to recover restitution under his UCL claim.
3. It is **DENIED** as to Fuentes' ability to recover compensatory and punitive damages under his California common law unfair competition claim.
4. It is **GRANTED** as to Fuentes' ability to recover compensatory and punitive damages under his UCL claim.
5. It is **GRANTED** as to Fuentes' trademark dilution claim.

The Rule 12(f) motion is **DENIED**.

Because the Court determines that Fuentes may be able to cure the pleading defects identified above if given the opportunity to amend the FACC, leave to amend is **GRANTED** solely as to those defects identified herein. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (Leave to amend "should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'"). Fuentes may file a Second Amended Answer and Counterclaims ("SACC"), or notify the Court and Lauren Moshi, LLC of his intention not to do so, within 21 days from the date of this Order. Lauren Moshi, LLC shall file its response no later than 21 days from that notification or the filing of the SACC.

**IT IS SO ORDERED.**